## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION


**AMANDA PALMER, by and through her**
**parents and natural guardians,**
**LISA and SANDENO PALMER,**

    **Plaintiff,**

**v.**               **Case No. 3:05cv218/MCR**


**SANTA ROSA COUNTY, FLORIDA, SCHOOL BOARD**
**a/k/a SANTA ROSA COUNTY SCHOOL DISTRICT,**
**and**
**JOHN DOES 1-5,**

    **Defendants.**
_____/

## O R D E R

   Amanda Palmer ("Ms. Palmer" or "plaintiff"), by and through her parents Lisa and Sandeno Palmer, filed this suit against Santa Rosa County School District ("District" or "defendant")[1] alleging violations of Title IX of the Education Amendments of 1972, as amended, 29 U.S.C. § 1681 et seq., ("Title IX") and 42 U.S.C. § 1983.[2] (Doc. 1).  Now pending is defendant's motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6) (doc. 6,

---

[1]  Plaintiff has not identified or served any of the John Doe defendants.

[2]  Plaintiff invokes the court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, and she also cites in support of her complaint 42 U.S.C. § 2000d-7 (waiving state's Eleventh Amendment immunity for damages in actions under Title IX) and two of Title IX's implementing regulations, 34 C.F.R. § 106.8 and § 106.41(a)(b). (Doc. 1 at 1).

memorandum at doc. 7), to which plaintiff has responded (doc. 16). As set forth below, the court GRANTS defendant's motion and DISMISSES this action without prejudice to plaintiff's filing an amended complaint.

## BACKGROUND

At the time of the events giving rise to plaintiff's claims (doc. 1), Ms. Palmer was a student in the District's Milton High School, which is located in Milton, Florida.[3]  In early 2004 Ms. Palmer filed three charges with the U.S. Department of Education, Office of Civil Rights ("OCR"), complaining of sex-based discrimination in the District's high school football program, in violation of Title IX.  On June 25, 2004, the OCR entered a decision finding insufficient evidence of noncompliance. Ms. Palmer filed the instant complaint on June 14, 2005, in which she alleges that the District has "followed and is following a policy and practice of discrimination against [her] because of [her] sex . . . .".  (Doc. 1 at 2). According to plaintiff, the District's unlawful policies and practices include

a)      Discriminating against Student by failing to provide sufficient information for Student to be able to meaningfully participate in the weight-training program for middle school students who planned to participate in the high school football program.

b)      Discriminating against Student by differential and mean-spirited treatment by failing to accommodate Student's needs as a member of the high school football program.

c)      Discriminating against Student by failing to provide for a Title IX coordinator even though allegedly the District does maintain the position of a Title IX officer.

(Doc. 1 at 2).

---

[3]  The court takes the facts set forth in this paragraph from the complaint.  For the purpose of the instant motion, the facts are accepted as true and construed in the light most favorable to plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997).

With respect to a stylistic matter, the court notes that plaintiff has capitalized dozens of words in her complaint which, in the court's view, are not properly capitalized; indeed, the court finds plaintiff's style of capitalization so unconventional as to be highly distracting to the reader.  Therefore, in quoting the complaint the court has altered the capitalization and has done so without employing brackets to identify changes to the original text.  Additionally, the court notes that plaintiff failed to observe a format requirement set out in N.D.Fla.Loc.R. 5.1(B)(3), which requires that all documents be double-spaced.

Plaintiff asserts that the effect of the District's allegedly unlawful actions has been to "limit, classify, and discriminate against the Student in ways which jeopardize Student's education and sporting endeavors and deprive Student of high school sporting opportunities and otherwise adversely affect [ ] the Student's status as a[ ] high school student . . . ." (Id.).  Further, plaintiff asserts that the District has "refus[ed] to offer the Student equal sporting opportunities for which the Student was more than amply qualified because . . . [she is] 6'3" and 285 pounds" and it has "fail[ed] to remedy the discriminatory practices of its supervisory and coaching personnel . . . ." (Id. at 3).  As relief for the alleged violations of Title IX and the equal protection clause of the Fourteenth Amendment, Ms. Palmer seeks an order enjoining the District from engaging in sex-based discrimination.  In addition, she asks the court to require the District to provide "appropriate coaching, training, and supervision" and to offer her "a position on the high school football team." (Id. at 4).  Plaintiff also seeks "other benefits in an amount to be shown at trial" as well as punitive damages, attorney's fees, and costs.  (Id.).

In its motion to dismiss the District contends that plaintiff's Title IX claim should be dismissed as time-barred. The District additionally argues that plaintiff's Title IX and § 1983 claims should be dismissed because the complaint lacks factual and legal allegations sufficient to state a claim for which monetary or injunctive relief can be granted.  Plaintiff concedes that the Title IX claim should be dismissed for untimeliness but submits that her § 1983 equal protection claim states a claim for relief and should be permitted to proceed.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the  sufficiency of the complaint; indeed it is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted.  Dismissal for failure to state a claim is inappropriate unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Lopez, 129 F.3d at 1189.  If the facts alleged in the complaint would allow recovery under any possible theory the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded. See Linder v. Portocarrero,

963 F.2d 332, 336 (11th Cir. 1992). Because this standard imposes such a heavy burden on the defendant, see Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998), Rule 12(b)(6) motions are rarely granted. See St. Joseph's Hosp., Inc. v. Hospital Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986).  The court is not required, however, to accept as true the plaintiff's conclusions of law. See Soils-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

### Title IX Claim

Statute of Limitations

Title IX in part provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §  1681. The statute contains no limitations period.  Defendant submits that the most analogous state statute's limitation period should therefore be applied which, defendant contends, is the Florida Educational Equity Act ("FEEA"), Fla. Stat. § 1000.05.[4]  According to defendant, the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-760.11, provides the statutory limitations period for all claims alleging discrimination, including those brought pursuant to the FEEA.  In support of its position, defendant points to the provision of the FCRA which bars claims as to which no administrative hearing has been requested within thirty-five days of the State of Florida's Commission on Human Rights making a reasonable cause determination.  Defendant asserts that in the instant case it is undisputed that plaintiff failed to request an administrative hearing after the OCR – which is the federal counterpart of the Commission on Human Rights – issued its decision in June 2004.  Defendant argues that plaintiff's Title

---

[4]  In 2002, the Florida legislature repealed §  228.2001 effective January 7, 2003, see ch.2002-387, §§ 1058, 1065, Laws of Fla., and reenacted it as § 1000.05 effective the same date, see ch.2002- 387, §§ 7, 1065.

IX claim therefore is untimely and should be dismissed.  Plaintiff agrees with defendant's argument and concedes that the claim is barred.

Because Title IX does not contain an explicit statute of  limitations, as to those claims to which the four-year federal catch-all statute of limitations in 28 U.S.C.  § 1658(a) does not apply, see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004), courts must apply "the most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).  As defendant in this case points out, in Hawkins v. Sarasota County School Board, 322 F.3d 1279, 1285 (11th Cir. 2003), the Eleventh Circuit observed that the FEEA was closely patterned after Title IX.  This court does not agree with the parties, however, that the limitations period set forth in the FCRA therefore should be applied to claims brought pursuant to Title IX.  Rather, as the Eleventh Circuit has stated, "[c]ourts generally agree that a Title IX claim for damages is most closely analogous to a common law action for personal injury; therefore, the statute of limitations for personal injury actions controls."[5] M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir. 1999) (finding that Georgia's two-year statute of limitations for personal injury actions applied to Title IX claims).  Numerous other circuit courts which have addressed the issue of the appropriate limitations period for Title IX have likewise concluded that claims under this statute are most closely analogous to personal injury claims and thus that the state statute of limitations for personal injury actions should apply. See Curto v. Edmondson, 392 F.3d 502, 504 (2d Cir. 2004) (applying New York's three-year limitations period for personal injury claims to Title IX claim); Lillard v. Shelby County Board of Education, 76

---

[5] There are additional reasons to conclude that the FCRA's limitations period is not properly applied to a Title IX claim.  Title IX does not require  that individual complainants exhaust administrative remedies prior to filing suit, see Cannon v. University of Chicago, 441 U.S. 677, 706 n. 41, 99 S.Ct. 1946, 1962 n. 41, 60 L.Ed.2d 560 (1979), and the FEEA likewise does not require exhaustion of administrative remedies prior to commencement of suit. Further, the FCRA's administrative procedures do not appear to apply to the FEEA. See Fla.Stat. § 760.07.  Even assuming otherwise, to the extent the administrative agency failed to make a reasonable cause determination in this case, the one-year limitations period under the statute would not apply; rather, the four-year limitations period under § 95.11(3)(F) for cases of action based on statutory liability would be applicable.  See Joshua v. City of Gainesville, 768 So.3d 432, 434 (Fla. 2000); Maggio v. Department of Labor and Employment Security, 910 So.2d 876 (Fla. 2d DCA 2005).

F.3d 716, 728-29 (6th Cir.1996) (holding that Tennessee's one-year statute of limitations period for personal injury claims should have been applied to students' Title IX claims); Egerdahl v. Hibbing Community College, 72 F.3d 615, 618 (8th Cir. 1995) (finding that Title IX claims were governed by Minnesota's six-year personal injury statute of limitations rather than by the one-year statute of limitations pertinent to the state civil rights actions under the Minnesota Human Rights Act); Cheeney v. Highland Community College, 15 F.3d 79, 81 (7th Cir.1994) (stating that "in borrowing statutes of limitations for federal civil rights cases, the courts should look to state statutes governing personal injury suits."); Bougher v. University of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations applicable to personal injury actions was the appropriate statute of limitations for action alleging violations of Title IX).

Although plaintiff in the instant case agrees that the FCRA's limitations period applies to her Title IX claim – thereby making the claim untimely – and the court is "loathe to give the plaintiff[ ] a gift [she] apparently do[es] not want, [the court's] obligation is to decide the case correctly." Lillard, 76 F.3d at 729. Therefore, contrary to the parties' position, the court finds that Florida's statute of limitations for personal injury actions, which is four years, applies to plaintiff's Title IX claim.[6] See Fla. Stat. § 95.11(3).  As noted above, plaintiff filed this action on June 14, 2005.  It is not clear from the face of the complaint the precise date the Title IX cause of action may have accrued but the factual allegations appear to be confined to events occurring within the four years immediately prior to the filing date of the complaint.[7]  If so, plaintiff's Title IX claim would not be time-barred.  Accordingly, construing the allegations of the complaint in the light most favorable to plaintiff and finding that her Title IX claim does not appear to be barred by the applicable

---

[6] Similarly, Florida's four-year statute of limitations applies to claims of deprivation of rights under 42 U.S.C. § 1983. See City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ( "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").

[7] Although Ms. Palmer alleges that the events giving rise to her complaint occurred while she attended Milton High School, one of the factual allegations involves conduct which apparently took place while she was a student at a middle school.  As discussed later, this allegation does not support a claim for relief; thus even if the conduct occurred more than four years prior to June 25, 2005, it should not affect a finding that the Title IX claim is not time-barred.

four-year statute of limitations, the court denies defendant's motion to dismiss plaintiff's Title IX claim on the ground of untimeliness.[8]

### Failure To State A Claim

With respect to plaintiff's Title IX claim for monetary damages, defendant asserts that the complaint must, but fails to, include factual allegations that the District had actual notice that Ms. Palmer was deprived of a constitutional right and that it showed deliberate indifference in failing to prevent any further violations. As to plaintiff's Title IX claim for injunctive relief, defendant states that a slightly different standard applies. According to defendant, the complaint does not, as it is required to do, assert that a school official knew of the alleged discriminatory acts or, in the exercise of due care, should have known of them. Moreover, the complaint does not allege that any school official acted or failed to act to remedy any acts of discrimination and thus exhibited the requisite deliberate indifference. Plaintiff, evidently because she conceded that her Title IX claim was time-barred, has not responded to defendant's arguments.

In bringing a Title IX claim a plaintiff must allege (1) that she was excluded from participation in, denied benefits of, or subjected to discrimination in an educational program; (2) that the exclusion was on the basis of sex; and (3) that the defendant receives federal financial assistance. See Seamons v. Snow, 84 F.3d 1226, 1232 (10th Cir. 1996); Bougher v. Univ. of Pittsburgh, 713 F.Supp. 139, 143-44 (W.D.Pa. 1989). In addition, under the Supreme Court's decision in Gebser v. Lago Vista Independent School District, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), to proceed on a Title IX claim of teacher-on-student sexual harassment or a sexually hostile environment a plaintiff seeking to recover damages against a school district must allege (1) that a school district official with the authority to take corrective measures had actual notice of the situation; and (2) the response by the official with such notice amounted to deliberate indifference. See Gebser, 524 U.S. at 290-93; see also Sauls v. Pierce County School District, 399 F.3d 1279 (11th

---

[8] As explained below, the court dismisses plaintiff's complaint without prejudice of filing an amended complaint. If plaintiff elect to file an amended complaint, guided by the foregoing discussion defendant shall be free to file a motion to dismiss on the ground the Title IX claim is untimely, should it have a good faith basis to so argue.

Cir. 2005).  The Court defined the deliberate indifference standard as "an official decision" not to remedy the violation.  Id. at 290.  Subsequently, in Davis v. Monroe County Board of Education, 526 U.S. 629, 640, 119 S.Ct. 1661, 1669-70, 143 L.Ed.2d 839 (1999), the Court applied a more rigorous standard to claims of student-on-student harassment, stating that the elements for liability of the school board under such circumstances are: (1) deliberate indifference to sexual harassment, (2) of which the school board had actual knowledge, (3) of conduct that is so severe, pervasive, and objectively offensive (4) that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school.  Davis, 526 U.S. at 650; Hawkins, 322 F.3d at 1284.

As an initial matter, the court notes that the allegations of plaintiff's complaint are so vague and spare that it is difficult to discern the nature of her claims. As quoted above, Ms. Palmer alleges that the District discriminated against her by failing to provide sufficient information regarding a middle school weight training program; by "differential and mean-spirited treatment" when she was a member of the high school football team; and by failing to provide a Title IX coordinator.  The complaint does not specify whether  Ms. Palmer was thereby subjected to unequal treatment or discrimination involving sexual harassment or a sexually hostile environment, sports inequity, and/or some other form of non-harassment sex discrimination.  Moreover, plaintiff fails to identify any persons, dates, or other specifics involved in the alleged misconduct.  Indeed, there is no clear indication who – whether a District official, coach, teacher, or possibly even a student – subjected Ms. Palmer to the particular acts of alleged discrimination.[9]

Notwithstanding the above deficiencies in drafting, the court concludes that the complaint may be read as adequately alleging that Ms. Palmer was excluded from

_____

[9] Additionally, the court notes that the complaint does not allege that Ms. Palmer continues to be a student within the Santa Rosa School District or is eligible to participate in the District's football program.  A plaintiff who lacks eligibility to participate in a sports activity or is no longer a student may lack standing to assert an individual Title IX claim for injunctive relief.  See Cook v. Colgate University, 992 F.2d 17, 20 (2d Cir. 1993).  The court also notes that individual defendants – such as the John Does named in this case – can have no liability for a Title IX claim which, pursuant to the statute, be made only against the federally funded educational institution and not against individual employees.  See, e.g., Smith v. Metropolitan School District, 128 F.3d 1014, 1018-19 (7th Cir.1997).

participation in, denied benefits of, or subjected to discrimination in an educational program and that sex was the basis for such conduct, as required to make out a Title IX claim. The complaint does not, however, allege that defendant receives federal financial assistance, as a claim under Title IX also requires. Furthermore, as required by <u>Gebser</u> with respect to a Title IX damages claim involving sexual harassment or a sexually hostile environment, there are no allegations of prior actual notice of Ms. Palmer's complaints or allegations of deliberate indifference to those complaints as evidenced by an official decision not to remedy them.[10]

In any event, Ms. Palmer's assertion that the District discriminated against her by failing to provide a Title IX coordinator is not actionable in a claim for damages. Although Title IX regulations require recipients to appoint a coordinator, and to adopt and publish grievance procedures for prompt and equitable resolution of student and employee complaints, <u>see</u>, <u>e.g.</u>, 34 C.F.R. §§ 106.8-9, an "alleged failure to comply with the regulations does not establish the requisite actual notice and deliberate indifference" necessary for a Title IX damages claim. <u>Gebser</u>, 524 U.S. at 291-92. Additionally, the failure to maintain a Title IX coordinator does not constitute discrimination under Title IX or permit recovery in damages. <u>See id.</u> at 292. Similarly, the mere failure by the District to provide adequate information regarding a weight training program does not constitute discrimination. These allegations therefore are insufficient to support a Title IX claim.

Plaintiff's allegation that Ms. Palmer was subjected to "differential and mean-spirited treatment" when she was a member of the high school football team appears to be the

---

[10] It may be that claims for injunctive relief are not governed by the standards set out in <u>Gebser</u> and <u>Davis</u>, both of which cases involved monetary liability and a legal rationale which seems largely dependent on the negative impact of monetary damage awards upon educational institutions. Plaintiff, who filed only a very cursory response, has not addressed at all the issue of the appropriate standard of review for claims of injunctive relief under Title IX. Defendant identified the issue but in discussing it cites only a footnote in <u>Hawkins</u> which recognizes the OCR's position that "for regulatory purposes and for private actions for injunctive and other equitable relief, a school has notice if a responsible employee knew, or in the exercise of care should have known of the harassment." <u>Hawkins</u>, 322 F.3d at 1287, n.9.

     With respect to Ms. Palmer's claim of "differential and mean-spirited" treatment when she was a member of the football team, the issue of the proper standard of review for injunctive relief may warrant further briefing by the parties in the future. As to the allegations involving weight training and the Title IX coordinator, as discussed elsewhere in this order, the court concludes they are insufficient to state a claim of discrimination, either with respect to demands for monetary damages or for injunctive relief.

heart of her complaint.  If Ms. Palmer had simply alleged that the District discriminated against her by denying her the opportunity to try out for the boys' football team, her claim would fail.  The regulations promulgated to implement Title IX permit exclusion of females from contact sports, including football.  See 34 C.F.R. § 106.41.[11]  Plaintiff's claim appears to be, however, that she was treated differently and harassed in some fashion due to her sex after she became a member of the team.  In Mercer v. Duke University, 190 F.3d 643, 647 (4th Cir. 1999), the Fourth Circuit held that although a university may choose not to permit members of the opposite sex to try out for a single sex, contact sports team, where a university has allowed a member of the opposite sex to try out for such a team, the university is subject to Title IX and therefore prohibited from discriminating against that individual on the basis of his or her sex.  This court concludes that plaintiff's factual allegations appear to be similar to those asserted in Mercer and that, if properly pled, the allegations could likewise state a claim for relief.

A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'"  Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted).  The court is not, however, "required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff . . . never filed a motion to amend nor requested leave to amend before the district court."  See Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Moreover, the court need not permit amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed;

---

[11]  In relevant part § 106.41 provides that
a recipient may operate or sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport. However, where a recipient operates or sponsors a team in a particular sport for members of one sex but operates or sponsors no such team for members of the other sex, and athletic opportunities for members of that sex have previously been limited, members of the excluded sex must be allowed to try out for the team offered unless the sport involved is a contact sport. For the purposes of this part, contact sports include boxing, wrestling, rugby, ice hockey, football, basketball and other sports the purpose or major activity of which involves bodily contact.

(2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In this case, although plaintiff has not sought to amend her complaint, the court finds that none of the reasons to refuse to permit amendment exist and that, in the interest of justice, amendment of the Title IX claim should be allowed.

### Section 1983 Claim

Defendant asserts that plaintiff's §1983 claim is insufficient because the allegations of the complaint fail to identify any specific policy or custom pursuant to which the District violated Ms. Palmer's rights.   Furthermore, as with plaintiff's Title IX claim, the complaint fails to allege that the District acted with deliberate indifference. According to plaintiff, "[t]he fact that there has not been a specific policy or custom alleged is irrelevant because this particular case is the first that the plaintiff has become aware of, and, in fact, may easily be the first such case and *ergo* the very beginning of such a policy or custom of the defendant." (Doc. 16 at 1).

Pursuant to § 1983, a plaintiff may recover monetary damages and injunctive relief from governmental actors and entities whose actions under color of state or local law have deprived her of rights, privileges or immunities secured by the United States Constitution or federal statutes.   Section 1983 " is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred. '" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citations omitted). Municipalities, including school districts, may not be held liable under § 1983 based on a theory of respondeat superior.   See Sauls, 399 F.3d at 1287 (citing Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997)).   To impose § 1983 liability on a municipality the plaintiff must identify a municipal "policy" or "custom" causing the deprivation of federal rights. Id.   In addition,"it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality," but rather she "must show that the municipal action was taken with the requisite degree of culpability, i.e., that the municipal action was taken with 'deliberate

indifference' to its known or obvious consequences." Id. (citations omitted).

As discussed above in connection with plaintiff's Title IX claim,  the allegations that the District failed to provide information regarding the weight training program or to provide a Title IX coordinator do not allege discriminatory conduct.  Thus these allegations also are insufficient to support a claim for relief for the denial of equal protection.  With respect to plaintiff's claim of "differential" or "mean-spirited" treatment while Ms. Palmer was on the football squad, plaintiff's allegations that the District had a  "policy" or "custom" which resulted in the deprivation a constitutional right are not sufficient.[12] Moreover, as previously noted, plaintiff must – but fails to – allege the District's deliberate indifference to her complaints of sex discrimination.  Notwithstanding these defects, the court shall give plaintiff the opportunity to amend this claim.  As the court found with respect to plaintiff's Title IX claim, none of the reasons to refuse to permit amendment of the equal protection claim exist.  Therefore, in the interest of justice, to the extent plaintiff claims that she was denied equal protection by the District's "differential" or "mean-spirited" treatment of her while she was on the football team, the court shall permit the claim to be amended.[13]

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (doc. 6) shall be granted and plaintiff's complaint (doc. 1) shall be dismissed without prejudice.  Plaintiff shall have fourteen (14) days from the date of this order in which to file an amended complaint correcting the defects in pleading outlined above.  In the event plaintiff files an

---

[12] A plaintiff can establish an official policy or custom by coming forward with evidence of (1) "a policy statement, ordinance, regulation or decision officially adopted and promulgated by [the Board]'s officers," Monell v. Department of  Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);  (2) a custom that, while not formally adopted by the Board, was "so permanent and well settled" as to have "the force of law," id. at 691; or (3) a decision by an official who possesses "final authority to establish municipal policy with respect to the action ordered." Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1480 (11th Cir. 1991) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

[13] The court recognizes that the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. See Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). The heightened pleading standard is not otherwise applicable.  If plaintiff in this case elects to file an amended complaint and defendant moves to dismiss, the claims shall, again,  be reviewed accordingly.

amended complaint, defendant shall have ten (10) days thereafter to file a responsive pleading.  <u>See</u> FED. R. CIV. P. 15(a).  In the event plaintiff does not amend the complaint within the time period specified by the court, this case will be DISMISSED with prejudice.

Accordingly, it is hereby ORDERED:

1.      The motion to dismiss filed by defendant Santa Rosa County, Florida, School Board (doc. 6) is GRANTED, and plaintiff's complaint is DISMISSED without prejudice.

2.      Plaintiff shall have fourteen (14) days from the date of this order in which to file an amended complaint correcting the defects in pleading as outlined above.

3.      In the event plaintiff timely files an amended complaint, defendant shall have ten (10) days thereafter in which to file a responsive pleading.  <u>See</u> FED. R. CIV. P. 15(a).

4.       In the event that plaintiff does not file an amended complaint within the time specified by the court, this case will be DISMISSED with prejudice.  The clerk shall enter judgment in defendant's favor and close the file.

**ORDERED** on this 8th day of December, 2005.


                    s/ *M. Casey Rodgers*
                    **M. CASEY RODGERS**
                    **UNITED STATES DISTRICT JUDGE**